## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 98-cr-40004-JPG |
| v. ) | |
| ) | |
| CHARLES BRUCE THOMAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Charles Bruce Thomas's Rule 60(b) motion for relief from judgment (Doc. 112) – his third – and motion for leave to file a supplement (Doc. 113). In it, he attacks the Court's disposition of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in Case No. 00-cv-4304-JPG. The Court denied Thomas's motion in that case on September 4, 2002, rejecting the argument, among others, that Thomas's Fourth Amendment rights had been violated by an illegal search that led to his conviction. He now urges the Court to reopen that judgment so he can argue that he did not have a full and fair opportunity to litigate that claim in his criminal proceedings because of ineffective assistance of his defense counsel. *See United States v. Johnson*, 457 U.S. 537, 563 n. 20 (1982) (holding that *Stone v. Powell*, 428 U.S. 465 (1976), forecloses Fourth Amendment challenges on collateral attack unless the petitioner did not have an opportunity for full and fair litigation of his claim in his criminal case).

The Court cannot consider Thomas's motion because it is a successive petition not authorized by the Court of Appeals. A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See*

*Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition. *Gonzalez*, 545 U.S. at 532; *see Scott*, 414 F.3d at 816.

Although Thomas asserts that the pending motion is an attack on the integrity of the prior § 2255 proceedings, it is actually an attempt to revisit his Fourth Amendment argument once before raised and rejected or an attempt to raise a new Sixth Amendment ineffective assistance of counsel argument. It is therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Thomas's motions (Docs. 112 & 113) and **DISMISSES** them for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**Dated:  February 23, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**