IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No.  98-cr-40004-001 JPG |
| | ) |
| CHARLES BRUCE THOMAS, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Charles Bruce Thomas' *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 109) and motion for leave to file the foregoing motion (Doc. 106).  The Court will deny as moot the motion for leave to file the reduction motion (Doc. 106) because Thomas need not seek leave of court to file the motion.  The Court appointed counsel for Thomas on the sentence reduction issue, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request for a reduction (Doc. 134).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Thomas has responded to counsel's motion (Doc. 136).  The government has not responded to any of the pending motions.

Thomas was convicted by a jury of one count of possessing with intent to distribute crack cocaine.  At sentencing, the Court found by a preponderance of the evidence that Thomas' relevant conduct was at least 150 grams but less than 500 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 34.  The Court further found that Thomas was

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 1998 United States Sentencing Guidelines Manual.

Case 4:98-cr-40004-JPG   Document 138   Filed 01/14/10   Page 2 of 4   Page ID #147

a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which also established his base offense level at 34.  Considering Thomas' criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 262 to 327 months in prison.  The Court imposed a sentence of 300 months.  Thomas now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Thomas cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended

2

U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Thomas, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 *and* the base offense level set forth in U.S.S.G. § 2D1.1, both of which were 34.  *See Forman*, 553 F.3d at 589-90.  The change in his base offense level set forth in U.S.S.G. § 2D1.1 would not lower his guideline sentencing range because, where the U.S.S.G. § 2D1.1 offense level is lower than the U.S.S.G. § 4B1.1 offense level, as it would be after application of Amendments 706 and 711, the Court must rely solely on the higher base offense level established by U.S.S.G. § 4B1.1.  *See* U.S.S.G. § 4B1.1(b).  Thus, even after the guidelines amendments, Thomas would still have an offense level of 34, and his guideline range would not change.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

      Thomas argues that he was not admonished of his career offender status during his sentencing hearing and is therefore eligible for a sentence reduction.  Thomas is correct that the Court announced at his sentencing hearing that his offense level was 34 based on his relevant conduct and did not explicitly state that it was also finding his offense level based on his career offender status.  It did not need to make this distinction at the time because Thomas' offense level under U.S.S.G. §§ 2D1.1 and 4B1.1 were the same – 34.  However, it should have been clear to Thomas at the time that the Court found him to be a career offender, as recommended by the presentence investigation report, because it found his criminal history category of VI pursuant to U.S.S.G. § 4B1.1, the career offender provision.  Had Thomas not been a career offender, his criminal history category would have been IV under U.S.S.G. Ch. 5, Pt. A.  His failure to object to his career offender criminal history category, even after reviewing with his

counsel the presentence investigation report so finding, demonstrates he knew of and accepted the career offender finding.

Because Thomas cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 134) and **DISMISSES** Thomas' motion for a sentence reduction (Doc. 109) for **lack of jurisdiction**.  The Court **DENIES as moot** Thomas' motion for leave to file a reduction motion (Doc. 106).

The Clerk's Office is **DIRECTED** to mail a copy of this Order to Defendant Charles Bruce Thomas, IDOC # K-89065, Pinckneyville Correctional Center, 5835 State Route 154, P.O. Box 999, Pinckneyville, IL 62274.

**IT IS SO ORDERED.**
**DATED:  January 14, 2010.**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **U.S. DISTRICT JUDGE**