IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  98-cr-40004-001 JPG |
| ) | |
| CHARLES BRUCE THOMAS, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Charles Bruce Thomas' *pro se* motion for reconsideration and for relief from judgment under Federal Rule of Civil Procedure 60(b)(4) (Doc. 139).  The motion seeks reconsideration of the Court's dismissal of his motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  The motion also attacks the judgment in his criminal case.

To the extent the motion seeks reconsideration of the Court's decision that he is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the Court will deny the motion.  Thomas has not provided any convincing argument that the Court's original ruling that it lacked jurisdiction to lower his sentence was in error.

To the extent the motion attacks the judgment in Thomas' criminal case, the Court will dismiss the motion as an unauthorized successive petition under 28 U.S.C. § 2255.  A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-

judgment Rule 6(e) motion).  Thomas has already filed a § 2255 motion, *see Thomas v. United States*, No. 00-cv-4304-JPG, as well as numerous unauthorized successive petitions in that civil proceeding as well as this criminal one.  In the current motion, he either raises a new ground for relief or an attack on the Court's prior resolution of a old ground, that is, that the Court erred in finding him to be a career offender.  In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8.  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2925 (2008);  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Court of Appeals has not made such a certification.  Therefore, the Court does not have jurisdiction to consider that part of Thomas' motion.

    For the foregoing reasons, the Court **DENIES in part** and **DISMISSES in part** Thomas' motion (Doc. 139).

**IT IS SO ORDERED.**
**DATED:  February 1, 2010.**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **U.S. DISTRICT JUDGE**