UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 98-cr-40004-JPG |
| CHARLES BRUCE THOMAS, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' disparate views about how widely the Court must reopen this case when it resentences defendant Charles Bruce Thomas after his original sentence was vacated in *Thomas v. United States*, No. 16-cv-744-JPG, an authorized second § 2255 motion (Doc. 159). The Court vacated that sentence because it was based on a career offender finding that was determined using a mandatory guideline that used language the Supreme Court found unconstitutional in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Citing *Garner v. United States*, 808 F.3d 716 (7th Cir. 2015), Thomas argues that his resentencing must be *de novo* in all respects with the Court revisiting each and every legal and factual finding upon which his original sentence rested (Doc. 211). Specifically, he asks the Court to make a new finding of the amount of relevant conduct. On the other hand, the Government contends the Court need only sentence Thomas again without applying the career offender enhancement without opening up any other issues (Docs. 214 & 218).

The Court begins with the language of 28 U.S.C. § 2255 itself. The relief expressly allowed under § 2255 is "to vacate, set aside or correct the sentence." These options are flexible to fit the circumstances and include, but are not limited to, granting an immediate and unconditional discharge or vacating a sentence so the defendant can be resentenced and provided

the right that was absent the first time. *Andrews v. United States*, 373 U.S. 334, 339 (1963). It can also include reentering a judgment to create a new opportunity to file a notice of appeal that ineffective counsel failed to file the first time around. *See United States v. Mosley*, 967 F.2d 242, 243 (7th Cir. 1992); *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989). In all cases, the remedy should be tailored to correcting the injury suffered by "neutraliz[ing] the taint" of a constitutional violation without granting a windfall to the defendant or needlessly squandering the Government's and Court's resources. *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (citing *United States v. Morrison,* 449 U.S. 361, 365 (1981)). Such tailored remedies are precisely authorized by § 2255's latitude to "correct" the sentence. *Andrews*, 373 U.S. at 339. So what Thomas is entitled to here is the vacating of his sentence and a resentencing in which the error of the first sentencing is corrected.

The error in Thomas's case was using a mandatory guideline provision—specifically, the residual clause in the "crime of violence" definition of the career offender guideline, U.S.S.G. § 4B1.2(a)(2) (1998)—that was later declared unconstitutionally vague. *See Cross v. United States*, 892 F.3d 288, 291 (7th Cir. 2018) (citing *Johnson v. United States*, 576 U.S. 581, 602 (2015)). The Court has decided that the most appropriate way to "correct" Thomas's sentence is to resentence him under advisory guidelines while applying intervening caselaw (such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Mathis v. United States*, 759 U.S. 500 (2016), *Johnson*, and *Cross*), as well as retroactive statutes (certain parts of the First Step Act and Fair Sentencing Act) and guideline amendments (Amendment 782 and its ilk) that have been promulgated since Thomas's original sentencing, and Thomas's post-sentencing rehabilitation. It would also consider objections to new or different material features of the 2020 PSR that were not in the original PSR. But it will not rehear evidence to make new findings of fact. The taint

of unconstitutionality in Thomas's original sentence turned on the mandatory nature of the guidelines and the vagueness of the residual clause in U.S.S.G. § 4B1.2(a)(2) (1998), not on the relevant conduct calculation or any other factual finding the Court made at the original hearing. Thus, removing the taint does not require rehearing or reopening the evidence on that matter or revisiting previous factual findings that survived direct appeal and Thomas's first § 2255 motion.

The primary case cited by Thomas, *Garner v. United States*, 808 F.3d 716 (7th Cir. 2015), illustrates the flexibility a court has when granting relief under § 2255. In that case, the Court of Appeals directed the District Court to conduct a full resentencing to remove the taint of all the errors alleged—even those rejected—in the § 2255 motion, including whether counsel was constitutionally ineffective for failing to object to certain evidence. *Id.* at 718-19. This case was *sui generis*—indeed, as the Court of Appeals noted that it involved "an unnecessary procedural snarl." It sheds no light on what is necessary to correct Thomas's sentence overturned by his 2018 § 2255 motion, which relied on the error of applying a mandatory, vague guideline provision at sentencing.

The Court's decision how to remedy a sentencing error *after a § 2255 is granted* and how to remedy a sentencing error *after a remand from direct appeal* present similar questions. Both focus on what is needed to correct errors found in the other forum, either the appellate court or the § 2255 proceeding, and although the court may choose to do more, it is not required to. *See United States v. Barnes*, 660 F.3d 1000 (7th Cir. 2011). In *Barnes*, the Court of Appeals held that, "upon a general remand for re-sentencing, a district court may permit new arguments and evidence *as it deems necessary to re-fashion its sentence*. General remand does not, however, *entitle* the defendants to present new arguments and evidence beyond that pertinent to the issues raised on appeal." *Id.* at 1006 (emphasis added). The defendant does not have "carte blanche" to

3

raise arguments unrelated to those raised on appeal.  *Id.* at 1007.  In other words, the sentencing court on remand need only receive arguments and evidence it needs to correct the mistakes identified in the original sentencing, not everything under the sun the defendant wants to raise.  The purpose of remand for resentencing is substantially the same as the purpose set forth in § 2255—to "correct" a sentence—so it makes sense to apply substantially the same rules.  Thus, while this Court could entertain new arguments regarding relevant conduct, it need not do so and, indeed, it has chosen not to do so in Thomas's case.

In sum, resentencing Thomas based on the Court's previous factual findings—including relevant conduct—but applying more recent changes to the law and considering his post-sentencing rehabilitation is sufficient to remove any taint of unconstitutionality from his sentence.  No more is required.

**IT IS SO ORDERED.**
**DATED:  February 22, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
