UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 98-cr-40004-JPG |
| CHARLES BRUCE THOMAS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Charles Bruce Thomas's motion to supplement the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e)(2) and Seventh Circuit Rule 10(b) (Doc. 245). Thomas seeks to supplement the record with documents from a state court conviction to which his federal sentence is to run consecutively. He believes these additional documents, not already in the Court file and never considered by the Court, show that information in Thomas's presentence report regarding the date of his state crime is incorrect and that the true date will actually support that his federal sentence was related to, and should therefore run concurrently with rather than consecutively to, his state sentence. *See* PSR ¶ 80 (Doc. 86); 2d Rev. PSR ¶ 77 (Doc. 169); Sent. Tr. 19 (Doc. 239).

The record on appeal consists solely of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Generally, modification of a record on appeal is not permitted. Rule 10(e) is a limited exception to this general rule. It allows correction or modification "[i]f any difference arises about whether the record truly discloses what occurred in the district court[.]" Fed. R. App. P. 10(e)(1). When it arises, "the difference must be submitted to and settled by [the district] court and the record conformed

accordingly." *Id.*  "This rule is meant to ensure that the record reflects what really happened in the district court, but 'not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment.'" *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005) (quoting *United States v. Elizalde-Adame,* 262 F.3d 637, 641 (7th Cir. 2001)). Where the record accurately reflects district court proceedings, Rule 10(e) is not applicable. *See, e.g., Elizalde-Adame*, 262 F.3d at 641.

The Court does not believe the record on appeal as it exists now fails to reflect the actual proceedings in the District Court.  The record does not contain the documents Thomas seeks to add, but that omission accurately reflects that the Court did not ever see or consider those documents during Thomas's proceedings.  It only considered the information in the PSR and counsels' arguments.  While the Court of Appeals may take judicial notice of the tendered documents because they are from official court proceedings, *see United States v. Hope*, 906 F.2d 254, 260 n.1 (7th Cir. 1990); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983), those documents do not belong in the record on appeal.

Because the record as it now exists accurately reflects the proceedings, the Court **DENIES** Thomas's motion for leave to amend the record (Doc. 245).

**IT IS SO ORDERED.**
**DATED:   October 27, 2022**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**